UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN GREGORY BOWERS,<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO COUNTY JAIL, et al.,<br><br>Defendants. | No. 2:21-cv-00520 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Presently, before the court is plaintiff's request to file supplemental pleadings. (ECF No. 6.)

On May 27, 2021, plaintiff filed with the court a document entitled "Supplemental to 42 USC 1983 Action: Petition for Writ of Habeas Corpus, Companion to 2:21-cv-00520-DB." (Id.) Plaintiff lists El Dorado County Sheriff John D'Agostini as the respondent. (Id. at 1.) It is unclear whether plaintiff intended to state a new cause of action under 42 U.S.C § 1983 or to file a petition for writ of habeas corpus. The document submitted by the plaintiff is written on the court's habeas corpus petition form. (See Id.) However, within the document, plaintiff alleges what appears to be a new § 1983 claim against Sheriff D'Agostini for relation in violation of the First Amendment. (Id. at 2.)

////

If plaintiff intended to bring a habeas petition, this would need to be filed separately. "[H]abeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas corpus, and such claims may not be brought in a § 1983 [civil rights] action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). Nettles further sets forth "the correlative rule that a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." Id. That is, claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions. Id. at 934.

Plaintiff may also have intended to submit supplemental pleadings to assert a new claim under § 1983. If this is the case, plaintiff has two options if he believes there exists a new cause of action under § 1983. He may either file a separate action with this claim or a supplemental pleading to the complaint in this case. See Fed. R. Civ. P. 15(d). Should plaintiff request to file a supplemental pleading, he should be clear that he is seeking to do so to state new claims under § 1983. However, plaintiff must be aware that the court has broad discretion in deciding whether to permit a supplemental pleading. Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). Further, while a plaintiff can bring new claims when supplementing a complaint, there must be a relationship between the original cause of action and the new claims. Id. at 474. "While leave to permit supplemental pleading is 'favored,', it cannot be used to introduce a 'separate, distinct and new cause of action.'" Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (citations omitted). If plaintiff moves to file supplemental pleadings including a new cause of action, he should be sure that the new claims are directly related to the cause of action in his complaint. See Yates v. Auto City 76, 299 F.R.D. 611, 613-14 (E.D. Cal. 2013).

Given that it is unclear if plaintiff intends to state a new § 1983 claim or file a habeas petition, plaintiff's request to file a supplement (ECF No. 6) to the operative complaint will be denied. Plaintiff is still permitted to file a motion to supplement his complaint. If plaintiff does not do so, his initial complaint (ECF No. 1) will be screened, as required by 28 U.S.C. § 1915A(a), in due course.

////

1     For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's request to file

2 supplemental pleadings is denied.

3 Dated: June 8, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

10 DB:14
DB:1/Orders/Prisoner/Civil.Rights/R/bowe0520.sup

3